IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MWENDA MURITHI,<br><br>    Plaintiff,<br><br>v.<br><br>BRYAN GLECKLER, TERRI ANDERSON, KIMBERLY BUTLER, JACQUELINE LASHBROOK, and JEANETTE COWAN,<br><br>    Defendants. | Case No. 3:16-CV-152-NJR-GCS |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the Motion to Alter Judgment and Correct the Record (Doc. 77) and the Motion for Leave to Supplement Motion to Alter Judgment with Newly Discovered Evidence (Doc. 89) filed by Plaintiff Mwenda Murithi. Murithi is an inmate in the Illinois Department of Corrections who filed this lawsuit under 42 U.S.C. § 1983 to redress alleged violations of his constitutional rights (Doc. 1). Specifically, Murithi alleged Defendants violated his Eighth Amendment rights when they failed to protect him from a violent attack by other inmates (*Id.*).

On December 19, 2018, the undersigned adopted the Magistrate Judge's Report and Recommendation and granted Defendants' motion for summary judgment on the merits of the case (Doc. 75). The Court found that the evidence showed Defendants were not deliberately indifferent to any risk to Murithi's safety when they allowed him to sign into protective custody until the investigation and appeals process concluded in March

2015 (*Id.*). The Court also referenced concern by Defendant Cowan that Murithi may be using protective custody to get near another inmate he previously assaulted. Finally, the Court noted that Defendants offered to place Murithi in the "front street" cellhouse, which he declined. At most, the Court found, the decision to ultimately deny Murithi's request for protective custody after the investigation was complete amounted to negligence, which falls short of the standard for proving deliberate indifference (*Id.*).

Murithi now seeks to correct the record and asks the Court to alter its judgment in favor of Defendants. Although Murithi does not invoke any rule that offers such relief, Rule 59(e) of the Federal Rules of Civil Procedure permits the Court to alter or amend a judgment where the movant clearly establishes: "(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Relief under this rule is an extraordinary remedy "reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). "The decision whether to grant or deny a Rule 59(e) motion is entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

In his motion, Murithi argues that he could not have been trying to get near the inmate he previously assaulted, as that inmate was located at a different institution and

there was a "Keep Separate From" order on both of them. He also explains that he denied placement on front street because it was still general population and the Latin Folks could reach him there. At the same time, he asserts Defendants should have placed him on front street after his protective custody appeal was denied, but instead they placed him in the back street cellhouses, thereby exhibiting deliberate indifference.

Murithi does not explain how any of this information clearly establishes that the Court committed a manifest error of law or fact. Nor does it constitute "newly discovered evidence." Indeed, Murithi's arguments are merely a rehashing of his previous arguments made in opposition to summary judgment, and "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Accordingly, his motion is denied.

On April 19, 2019, Murithi also filed a Motion for Leave to Supplement his motion to alter or amend the judgment with "newly discovered evidence" (Doc. 89). Murithi claims that since the filing of his motion to alter or amend the judgment, he has discovered that Defendants were in possession of information alerting them of the danger he faced at the time he was denied protective custody. Murithi attached an affidavit from fellow inmate Sergio Torres, who attested that in November 2014, Internal Affairs advised him to sign into protective custody because his name was on a gang hit list (Doc. 89 at pp. 4-5). Murithi also attached the affidavit of inmate Jonathan Meskauskas, who attested that he had a conversation with another inmate who saw the aforementioned

gang hit list and Murithi's name was on it (*Id.* at p. 6).

The Court is not persuaded that this information proves any named Defendant in this case was aware of a threat to Murithi's safety. And in any event, the contents of the affidavits consist of inadmissible hearsay and may not be relied upon to defeat summary judgment. *See* FED. R. EVID. 802; FED. R. CIV. P. 56(c)(4); *Maddox v. Jones,* 370 F. App'x 716, 720 (7th Cir. 2010) (citing *Haywood v. Lucent Technologies, Inc.*, 323 F.3d 524, 533 (7th Cir. 2003) (inadmissible hearsay cannot be used to overcome a properly supported motion for summary judgment). Accordingly, Murithi's Motion for Leave to Supplement must also be denied.

## CONCLUSION

For these reasons, the Motion to Alter Judgment and Correct the Record (Doc. 77) and the Motion for Leave to Supplement Motion to Alter Judgment with Newly Discovered Evidence (Doc. 89) filed by Plaintiff Mwenda Murithi are both **DENIED**.

**IT IS SO ORDERED.**

DATED:   September 11, 2019

*[signature]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**